**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Cheryl Yeboah, | Case No. 25-21024 (JJT) |
| Debtor. | Re: ECF No. 11 |

**MEMORANDUM OF DECISION ON MOTION FOR RELIEF FROM STAY**

      Before the Court is the Motion for Relief from Stay (Motion, ECF No. 11) filed by U.S. Bank National Association, as Trustee Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-SD1 (Movant). In the Motion, the Movant asks for relief from the automatic stay to allow the Movant to complete an eviction of the Debtor at property the Movant previously foreclosed on. The Movant also asks for in rem relief under 11 U.S.C. § 105(a). The Debtor has not responded to the Motion.[1] For the reasons discussed below, relief from stay will be granted but in rem relief denied.

      According to the Motion, the Movant is the record owner of 39 Ridge Boulevard, East Granby, CT 06026 (Property), having gained title through a final judgment in a foreclosure action against the Debtor.[2] The Movant then commenced

---

[1] The Debtor has also failed to file several required documents, but the Court has not yet dismissed the case for these deficiencies.
[2] The Court takes judicial notice of both the foreclosure action and the pending summary process proceeding, both from the Connecticut Superior Court.

1

a summary process action against the Debtor and her husband. A judgment of possession in favor the Movant has entered. One day prior to the scheduled lockout, the Debtor initiated the instant bankruptcy case by filing a barebones petition. The documentary deficiencies in the filing have been noticed by the Clerk of this Court (ECF No. 3). No other required documents have been filed in the month that has passed since the petition date.

    The Court held a hearing on the subject Motion on October 21, 2025, at which time the Court asked the Movant to further brief whether the Court had the legal authority to grant in rem relief to complete an eviction. The Movant has done so, and the Court, after review, took the matter under advisement.

    Under 11 U.S.C. § 362(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>     (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>     (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>         (A) the debtor does not have an equity in such property; and
>         (B) such property is not necessary to an effective reorganization[.]

According to the uncontested facts advanced by the Movant, the Debtor has failed to provide use and occupancy payments, as required in the summary process action or in this case. That lack of adequate protection by the Debtor alone constitutes cause to grant relief under subsection (d)(1). Subsection (d)(2), however, does not apply because the summary process action is an act against the Debtor, not the Property.

2

The Movant also asks for in rem relief under 11 U.S.C. § 105(a). In rem relief is typically requested under 11 U.S.C. § 362(d)(4), which allows the Court to grant relief from the automatic stay that is binding in any other case affecting subject property for two years. That provision, however, applies only to acts against real property, not persons, so § 362(d)(4) ostensibly does not apply.

The Court cannot afford relief under § 105(a) alone. Although that provision allows the Court to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process[,]" 11 U.S.C. § 105(a), "the power granted to the bankruptcy courts under section 105 is not boundless and should not be employed as a panacea for all ills confronted in the bankruptcy case." 2 Collier on Bankruptcy ¶ 105.01[2]; *see also Law v. Siegel*, 571 U.S. 415, 421 (2014) ("whatever equitable powers remain the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code") (internal quotation marks omitted). The Court has reviewed the Movant's cited authorities in its brief, none of which can sufficiently overcome the Supreme Court's admonitions on use of § 105(a). In rem relief is therefore denied.

Having reviewed the Superior Court actions and the docket of this case, it is clear that the Debtor has abused the process of several courts in order to remain in possession of the Property far longer than warranted. Therefore, despite not being able to afford in rem relief, the Court is satisfied by the record that on a preliminary basis it appears that the Debtor filed this case in bad faith and an appropriate order

to show cause should issue in order to address whether a dismissal with a bar order is now appropriate.

The Motion is granted in part and denied in part as set forth herein.

IT IS SO ORDERED at Hartford, Connecticut this 12th day of November 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

4