**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Cheryl Yeboah, | Case No. 25-21024 (JJT) |
| Debtor. | Re: ECF No. 25 |

**MEMORANDUM OF DECISION AND ORDER**
**DISMISSING CHAPTER 7 CASE WITH TWO-YEAR BAR**

Before the Court is its Order to Show Cause (ECF No. 25), in which the Court ordered the Debtor to "show cause as to why this bankruptcy case should not be dismissed as a bad faith filing with a bar to refiling for two years[.]" The Debtor and U.S. Bank[1] have both responded to the Order to Show Cause. After reviewing the filings in this bankruptcy case, multiple state court dockets, and two district court dockets,[2] the Court is convinced that this bankruptcy case was filed in bad faith. The Court therefore dismisses the bankruptcy case with a two-year bar to refiling.[3]

The Court begins by noting that the history between this Debtor and U.S. Bank and its predecessors up to this point is beyond tortured, but is necessary to examine its course in order to explain the reasoning of this ruling. U.S. Bank commenced proceedings in the Connecticut Superior Court against the Debtor in

---

[1] In full, U.S. Bank National Association, as Trustee Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-SD1.
[2] The Court takes judicial notice of all dockets referenced in this Memorandum of Decision.
[3] The Court has determined that the filings are sufficient and that a live hearing is inappropriate under the present circumstances. *See* 11 U.S.C. § 102(1)(A); *see also* D. Conn. L. Civ. R. 7(a)(3) ("[T]he Court may, in its discretion, rule on any motion without oral argument.").

2012 to foreclose on a mortgage it held for 39 Ridge Boulevard, East Granby, CT (Property). *See U.S. Bank, N.A. v. Yeboah*, No. HHD-CV-12-6033619-S (Conn. Super. Ct.). A trial was eventually set for November 29, 2017, but the Debtor was defaulted for failure to appear at that trial. The matter was plagued by extensive motion practice, with the Superior Court denying all substantive motions filed by the Debtor. In a Memorandum of Decision denying one of the Debtor's motions to dismiss, the Superior Court determined that U.S. Bank was entitled to enforce a mortgage on the Property as the owner of a lost note. On June 17, 2019, a judgment of strict foreclosure entered.[4] A flurry of other filings followed, including three appeals to the Connecticut Appellate Court (all dismissed) and various motions to vacate the judgment or to dismiss the case (all denied).[5]

In 2018 (and during the pendency of the foreclosure action), the Debtor and her spouse filed a Fair Debt Collection Practices Act suit against Bank of America, N.A. (one of U.S. Bank's predecessors), Nationstar Mortgage, LLC (a servicer), and McCalla Raymer Leibert Pierce, LLC (U.S. Bank's counsel in the foreclosure). *See Yeboah v. Bank of Am., N.A.*, No. 18-cv-02020-VAB (D. Conn.). The District Court dismissed that action in 2019, determining that the Debtor's spouse did not have standing[6] and that the Debtor had failed to state a claim upon which relief could be granted. The Court noted in dismissing with prejudice that the Debtor had not

---

[4] The Superior Court found a debt of $536,352.28 against a fair market value of $367,000.
[5] On June 13, 2025, the Superior Court entered a filing injunction against the Debtor, prohibiting her "from filing any further pleadings in this matter without first seeking permission of the court to do so[.]" After the Debtor proceeded to file documents in violation of that order, the Superior Court revoked the Debtor's e-filing privileges.
[6] Kwadwo Yeboah was not a signatory to the note and mortgage.

responded to the motions to dismiss and that her legal theories were fundamentally flawed, rendering any attempt to replead futile. No appeal was taken.

After title vested in U.S. Bank through its foreclosure, it initiated a summary process action in the Superior Court against the Debtor and her spouse to secure possession of the Property. *See U.S. Bank, N.A. v. Yeboah*, No. HFH-CV-24-6029572-S (Conn. Super. Ct.). Like every other case mentioned, the Debtor and her spouse filed a blizzard of motions, with all substantive relief sought ultimately denied. A trial was held on February 19, 2025, with the Debtor and her spouse present. A judgment of possession was entered by the Superior Court in favor of U.S. Bank. More motions by the Debtor followed, along with an appeal to the Connecticut Appellate Court. U.S. Bank moved to dismiss that appeal, which the Appellate Court granted on July 23, 2025. Two days later, the Superior Court terminated any remaining appellate stay.[7]

In 2024, the Debtor and her spouse initiated another case in federal court, this time against U.S. Bank, the State of Connecticut, numerous Superior Court judges, and many attorneys. *See Yeboah v. U.S. Bank, N.A.*, No. 24-cv-00351-AWT (D. Conn.). The original complaint in that matter had no counts, but requested that the District Court vacate the foreclosure and eviction judgments, making many of the same arguments that are being pursued here regarding the note and attorney testimony. The amended complaint, among other things, sought $250 million in

---

[7] Despite the September 30, 2025 bankruptcy filing, the Debtor (along with her spouse) filed a petition for certification with the Connecticut Supreme Court on October 9, 2025, which was denied on November 18, 2025.

3

damages under various theories, including 42 U.S.C. § 1983. The District Court granted the defendants' motions to dismiss on January 15, 2025. The motions were granted against the Debtor's spouse (again) for lack of standing and against the Debtor for lack of subject matter jurisdiction (for the state defendants), failure to state a claim upon which relief could be granted (for the federal claims against the other defendants), and lack of diversity jurisdiction (for the state law claims against the other defendants). In dismissing the complaint with prejudice, the District Court determined that the case was filed in bad faith. No appeal was taken.

This Chapter 7 case was filed in this Court on September 30, 2025, shortly before a scheduled lockout of the Debtor and her spouse from the Property. The barebones bankruptcy petition was not accompanied by the various required schedules, summaries, and statements (ECF No. 1). A deficiency notice issued (ECF No. 3) requiring that missing documents be filed by various deadlines in October 2025 or else the case would be dismissed. None of those required documents have ever been filed. After U.S. Bank's Motion for Relief from Stay (ECF No. 11) was filed, heard, supplemented (ECF No. 21), and ruled upon by this Court (ECF No. 23)—all without any filing or appearance by the Debtor—the Court issued its Order to Show Cause on November 12, 2025.

On November 21, 2025, the Debtor filed seven separate documents: (1) a Motion to Reconsider and Vacate Order Granting Relief from Stay (ECF No. 30); (2) a Memorandum of Law (ECF No. 31); (3) an Emergency Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Enforcement of State

4

Court Foreclosure and Summary Process Judgments (ECF No. 32); (4) an Emergency Motion for Temporary Restraining Order and Preliminary Injunction Enjoining U.S. Bank's Counsel from Filing Any Further Pleadings or Exhibits (ECF No. 33); (5) a Motion to Strike All Attorney Pleadings for Improper Admission of Evidence (ECF No. 34); (6) an Affidavit (ECF No. 35); and (7) a Response to the Order to Show Cause (ECF No. 36). All of these documents have been examined by the Court in the context of the Debtor's prior unsuccessful arguments, which have been reiterated here.

    In all these filings, the Debtor makes clear that she intends to relitigate issues that have been previously asserted and rejected in multiple other forums. Chiefly, she continues to assert that U.S. Bank could not foreclose for lack of standing. That argument has been made and rejected numerous times, and this Court is not at liberty to disturb the foreclosure judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (prohibiting federal court review and rejection of final state court judgments under *Rooker–Feldman* doctrine). Because those arguments also underlie the summary process action, the Court must reject them as well.[8]

---

[8] Despite the Debtor's assertion that the Court was wrong to grant stay relief to U.S. Bank for failure to make adequate protection payments, none of her cited cases lend any support to that contention. Moreover, two of her cited cases do not appear where she cites them. *In re Mad LO LO LLC* is not reported in the Bankruptcy Reporter and *In re Thibault* appears later in volume 518 of the Bankruptcy Reporter. Of the three, only *In re Mad LO LO LLC* addresses 11 U.S.C. § 362(d)(1), noting, contra the Debtor, that "[t]he failure to pay post-petition rent may also serve as grounds for lifting the automatic stay." 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. May 28, 2009). Note also that *In re Mad LO LO* is not a 2021 case from the District of Connecticut, as the Debtor cites. Irrespective of whatever led the Debtor to these false citations, the evictions have no bearing on this bankruptcy case, and U.S. Bank demonstrated sufficient cause to continue the eviction. *See Lamarche v. Miles*, 416 B.R. 53, 58 (E.D.N.Y. 2009) ("'cause' can arise when a tenant fails to make post-petition

The Debtor's filings also make several false or contradictory statements.[9] For example, in her Memorandum of Law (ECF No. 31), she states: "All filing deficiencies have been cured. Debtor has fully cooperated with the Trustee and intends to surrender the Property in an orderly fashion." A review of the docket, however, shows that the filings deficiencies have *not* been cured.[10] The docket also reflects that the Debtor has twice failed to attend the required § 341 meeting of creditors.[11] The Debtor's response to the Order to Show Cause, on the other hand, states that the Debtor "intends in good faith to [r]etain control of the Property[.]"

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007). "It is well settled . . . that the filing of a bankruptcy petition on the eve of . . . an eviction does not, by itself, establish a bad faith filing[.]" *In re Syndicom Corp.*, 268 B.R. 26, 47 (Bankr. S.D.N.Y. 2001).[12] Instead, a court must examine the totality of the circumstances in making such a determination. *Id.*

---

payments or to otherwise meet his rental obligations"); *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) ("In a Chapter 7 case such as this, the landlord's desire to continue a pre-petition eviction proceeding usually has no discernable impact on the bankruptcy case.").

[9] With regards to the automatic stay, the Debtor filed an Initial Statement About an Eviction Judgment Against You with the petition (ECF No. 1). In that statement, the Debtor certified under penalty of perjury that "[u]nder the state or other nonbankruptcy law that applies to the judgment for possession (eviction judgment), I have the right to stay in my residence by paying my landlord the entire delinquent amount." That form (Form 101A) applies to debtors who rent their residence and provides strict guidelines under 11 U.S.C. § 362(*l*) that require payment in order to maintain the automatic stay. The Debtor, however, is not a renter and, based upon the eviction judgment, has no right to stay at the Property. The Debtor's statement is thus misleading, at best, or false, at worst.

[10] The Court had not previously dismissed this case due to filing deficiencies (or failure to pay the remainder of the filing fee) because it wanted to hear U.S. Bank's Motion for Relief from Stay first, but it notes that these filings (and fees) are long overdue.

[11] The Chapter 7 Trustee has also moved to dismiss this case (ECF No. 43) due to the failure to attend the § 341 meeting and the failure to provide required documents.

[12] The Debtor cites *In re Glenn* for this proposition, but the citation given is to a separate case, *In re White*. Given the numerous false citations in her filings, the Court cannot help but wonder how the Debtor conjured such citations.

6

Based upon the totality of the circumstances described above, the Court finds that the Debtor is not using this forum for any legitimate bankruptcy purpose, such as reorganization, but to relitigate matters that have been decided by numerous other courts. Indeed, at least one other court has found that the Debtor has been proceeding in bad faith. This Court will not become a haven for the Debtor to rehash her grievances, all of which have been rejected by many other judges. The Debtor's numerous falsehoods and frivolous or duplicative filings demonstrate that she has no intention of playing by the rules or accepting final judgments as final. Her calculated conduct is dilatory and offensive to judicial process. Therefore, the Court confirms its finding of bad faith and dismisses this case with prejudice. *See In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998); *see also* 11 U.S.C. §§ 105(a) and 349(a).

Accordingly, it is hereby

ORDERED: This Chapter 7 case is dismissed for cause; and it is further

ORDERED: The Debtor is barred from refiling for any bankruptcy protection in any district for a period of 2 years from the date hereof; and it is further

ORDERED: All other pending motions are denied as moot and any pending objections by the Debtor are overruled as lacking in substantive merit.

Date: December 3, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut